Elliot Rosenberger (Cal. Bar No. 298837)
Joshua Biletsky (Cal. Bar No. 285438)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 442-9243
Facsimile: (866) 317-2674
er@biletskyrosenberger.com
jb@biletskyrosenberger.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kathy Cervenka, *on behalf of herself and all others similarly situated*, | Case No. 5:17-cv-2559 |
| Plaintiff, | **CLASS COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| Hunter Warfield, Inc., | |
| Defendant. | |

### NATURE OF ACTION

1.      Plaintiff Kathy Cervenka ("Plaintiff") brings this putative class action against Defendant Hunter Warfield, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal" or "Rosenthal Act"), Cal. Civ. Code § 1788 *et seq*., individually and on behalf of all others similarly situated.

### JURISDICTION, VENUE, AND STANDING

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.    "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.    "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing.  *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA"); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.    "The FDCPA does create an informational right which did not exist prior to its enactment, and that right is tied to the harm which a consumer may suffer if not provided

with that information. Consequently, the deprivation of that information is, in most cases, sufficient to confer Article III standing. That was the law before *Spokeo*, and that law was not based on an erroneous understanding of Article III like the one corrected by *Spokeo*, but by application of well-settled principles of standing jurisprudence which *Spokeo* did not change (and, in fact, upon which *Spokeo* relied)." *Hagy v. Demers & Adams, LLC*, No. 2:11-CV-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017).

7.    "[N]umerous other courts, including courts in this circuit and from around the country, have rejected *Spokeo*-based standing challenges in the context of FDCPA violations." *Neeley v. Portfolio Recovery Assocs., LLC*, No. 115CV01283RLYMJD, 2017 WL 3311045, at *2 (S.D. Ind. Aug. 2, 2017) (citing *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 WL 2539782, at *4, 2017 U.S. Dist. LEXIS 89678, at *11 (E.D. Wis. June 12, 2017)) (collecting cases).

8.    "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

**THE FAIR DEBT COLLECTION PRACTICES ACT**

9.    Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

10.     To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

11.     Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers.  *Clark*, 460 F.3d at 1176.

12.     In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress "clearly intended that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *see also Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014).

13.     Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

14.     "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman*, 755 F.3d at 1117-18 (emphasis in original).

15.     "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards

governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

### THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16.    "California has adopted a state version of the FDCPA, called the Rosenthal Act." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

17.    Like the FDCPA, the purpose of the RFDCPA  is to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title."  Cal. Civ. Code § 1788.1(b).

18.    "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d at 1100.

19.     "[A] plaintiff who recovers under the FDCPA is entitled to damages under the corresponding section of the RFDCPA." *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1077 (E.D. Cal. 2007).

### PARTIES

20.    Plaintiff is a natural person who at all relevant times resided in the State of California, County of Riverside, and City of Temecula.

21.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

22.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

23.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

24.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

25.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a residential apartment (the "Debt").

26.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

27.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

28.     On October 6, 2017, in connection with the collection of the Debt, Defendant delivered to Plaintiff the following voicemail message: "We have an important message from Hunter Warfield. This is a call from a debt collector. Please call 813-283-4577. Again, 813-283-4577."

29.     Defendant's October 6, 2017 voicemail was Defendant's initial communication with Plaintiff with respect to the Debt.

30.     Defendant's October 6, 2017 voicemail failed to disclose the individual caller's identity.

31.     Defendant's October 6, 2017 voicemail failed to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." *See* 15 U.S.C. § 1692e(11).

32.     Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g within five days of its October 6, 2017 voicemail. *See* 15 U.S.C. § 1692g(a).

33.     On October 9, 2017 at 12:02 P.M., Defendant delivered to Plaintiff the following voicemail message: "We have an important call from Hunter Warfield. This is a call from a debt collector. Please call 813-283-4532. And it's 813-283-4532."

34.     Defendant's October 9, 2017 at 12:02 P.M. voicemail failed to disclose the individual caller's identity.

35.     On October 9, 2017 at 12:06 P.M., Defendant delivered to Plaintiff the following voicemail message: "We have an important call from Hunter Warfield. This is a call from a debt collector. Please call 813-283-4532."

36.     Defendant's October 9, 2017 at 12:06 P.M. voicemail failed to disclose the individual caller's identity.

37.     In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated October 23, 2017.

38.     A true and correct copy of Defendant's October 23, 2017 letter is attached to this complaint as Exhibit A.

39.     Plaintiff received Defendant's October 23, 2017 letter on October 30, 2017.

40.    Defendant's October 23, 2017 letter provides the statements required by 15 U.S.C. § 1692g. *See* Exhibit A.

41.    On November 7, 2017, Defendant delivered to Plaintiff the following voicemail message: "We have an important message from Hunter Warfield. This is a call from a debt collector. Please call 844-440-2807."

42.    Defendant's November 7, 2017 voicemail failed to disclose the individual caller's identity.

43.    On November 6, 2017, Plaintiff sent Defendant a letter disputing the Debt and requesting verification.

44.    A true and correct copy of Plaintiff's dispute letter is attached to this complaint as Exhibit B.

45.    Plaintiff's dispute letter stated:

I do not have any responsibility for the debt you're trying to collect.

If you have good reason to believe that I am responsible for this debt, mail me the documents that make you believe that. Stop all other communication with me and with this address, and record that I dispute having any obligation for this debt.

Exhibit B.

46.    On November 10, 2017, Plaintiff's dispute letter was delivered to Defendant.

47.    A true and correct copy of the dispute letter's November 10, 2017 signed certified mail receipt is attached to this complaint as Exhibit C.

48.    On November 22, 2017, Defendant delivered to Plaintiff the following voicemail message: "We have an important message from Hunter Warfield. This is a call from a debt collector. Please call 844-440-2807."

49.    Defendant's November 22, 2017 voicemail failed to disclose the individual caller's identity.

50.    Despite receiving Plaintiff's dispute letter, Defendant did not send Plaintiff verification of the Debt, rather it continued its efforts to collect the Debt.

## CLASS ACTION ALLEGATIONS

51.    Plaintiff repeats and re-alleges all factual allegations above.

52.    Defendant's voicemail messages are based on a script used by Defendant to leave voicemail messages in connection with the collection of consumer debts (the "Script").

53.    The Script is left by Defendant for all consumers as a matter of Defendant's policy or procedure when leaving voice messages.

54.    Plaintiff brings this action on behalf of herself and all others similarly situated.  Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons in California to whom Defendant delivered, within one year before the date of this complaint, and in connection with the collection of a consumer debt, a voicemail message based on the Script as an initial communication, and where Defendant did not send the person a letter containing the notices provided by 15 U.S.C. § 1692g(a) within five days of delivering the message.

55.    The proposed class specifically excludes the United States of America, the State of California, counsel for the parties, the presiding United States District Court Judge,

the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

56.    The class is averred to be so numerous that joinder of members is impracticable.

57.    The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

58.    The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

59.    There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

60.    Plaintiff's claims are typical of those of the class she seeks to represent.

61.    The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

62.    Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

63.    Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

64.    Plaintiff is willing and prepared to serve this Court and the proposed class.

65.    The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

66.    Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

67.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

68.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what

would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

69.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

70.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

71.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## CLASS COUNTS

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692e(11)

72.     Plaintiff repeats and re-alleges each and every factual allegation above.

73.     "The statute provides a non-exhaustive list of conduct that is a violation of § 1692e, including: 'The failure to disclose in the initial written communication with the

consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.'" *Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1106 (W.D. Wash. 2012) (citing 15 U.S.C. § 1692e(11)).

74.    Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during its initial communication that it was attempting to collect a debt and that any information obtained would be used for that purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)    Adjudging that Defendant violated 15 U.S.C. § 1692e(11) with respect to Plaintiff and the class she seeks to represent;

c)    Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)    Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)    Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)  Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)

75.   Plaintiff repeats and re-alleges each and every factual allegation above.

76.   A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice.  *See* 15 U.S.C. § 1692g(a).

77.   Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

78.   This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman*

*& Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

79.    Defendant violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff a written communication containing the notices required by § 1692g(a) within five days of the May 16, 2016 initial communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)   Adjudging that Defendant violated 15 U.S.C. § 1692g(a) with respect to Plaintiff and the class she seeks to represent;

c)   Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)   Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)   Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF CAL. CIV. CODE § 1788.17

80.    Plaintiff repeats and re-alleges each factual allegation above.

81.    A debt collector violates Cal. Civ. Code § 1788.17 by failing to comply with §§ 1692b-1692j of the FDCPA.

82.    Therefore, by failing to comply with the FDCPA as detailed above, Defendant violated Cal. Civ. Code § 1788.17.

83.    "[T]his Court does not have to reach very far to give effect to 1788.17. A strict reading of 1788.17 clearly paves way for CA FDCPA violators to be subjected to the same remedies articulated in 15 U.S.C. 1692k. The mandatory language in the amendment ' . . . shall be subject to the remedies in Section 1692k'—leaves little doubt as to the intent of the legislature to broaden the remedies for CA FDCPA, providing for a class action. *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005); *see also Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1065 (9th Cir. 2011) ("[T]he legislative history contains ample evidence that the 1999 amendment was intended to permit class actions. The Bill Analysis prepared by the California Senate Judiciary Committee stated that existing law 'does not provide for class actions' and that 'absent the threat of a class action, there is no incentive to abort an illegal continuing course of conduct.'" (quoting S. JUDICIARY COMM., REPORT ON A.N. 969 at 2, 4 (Cal. 1999-2000))).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated Cal. Civ. Code § 1788.17 with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages pursuant to Cal. Civ. Code § 1788.30(a) and 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to Cal. Civ. Code § 1788.30(b);

e) Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## **INDIVIDUAL COUNTS**

### **COUNT IV**
### **VIOLATION OF 15 U.S.C. § 1692c(c)**

84.    Plaintiff repeats and re-alleges each factual allegation contained above.

85.    "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," except in certain limited circumstances.  15 U.S.C. § 1692c(c).

86.    Other than as permitted by § 1692c(c), a debt collector who has received a cease communications order from a debtor must not contact the debtor unless it has received a clear waiver of that order, and then only to the extent of that waiver.  *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1172 (9th Cir. 2006).

87.    Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff in connection with the collection of a debt, including placing telephone calls and leaving voice messages for Plaintiff, after having received a written request to cease communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)    Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692d(6)

88.    Plaintiff repeats and re-alleges each factual allegation contained above.

89.    The FDCPA also generally prohibits conduct that harasses, oppresses, or abuses consumers, including the placement of telephone calls without meaningful disclosure of the caller's identity.  *See* 15 U.S.C. §§ 1692d, 1692d(6).

90.    "Courts have held that the meaningful disclosure required by § 1692d(6) has been made 'if an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business." *Fashakin v. Nextel Comms.*, No. 05 Civ. 3080(RRM), 2009 WL 790350, at *7 (E.D.N.Y. Mar. 25, 2009).

91.    Notably, unlike other sections of the FDCPA, § 1692d(6) does not require a "communication," but only "the placement of telephone calls."  15 U.S.C. § 1692d(6). "When a debt collector places phone calls without identifying itself, there is no additional requirement that these calls contain harassing language." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1364 (N.D. Ga. 2011); *see also Sclafani v. BC Servs.*,

*Inc.*, No. 10–61360–CIV, 2010 WL 4116471, at *3 (S.D. Fla. Oct. 18, 2010) ("If [the defendant] could not leave voice messages that simultaneously complied with the multiple applicable provisions of FDCPA, it should not have left the offending voice messages.").

92.    "Meaningful disclosure requires that the debt collector state his or her name, capacity, and provide enough information to the consumer as to the purpose of the call." *Doshay v. Global Credit Collection Corp.*, 796 F. Supp. 2d 1301, 1304 (D. Colo. 2011) (citing *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1074 (E.D. Cal. 2007)). "When a debt collector places phone calls without identifying itself, there is no additional requirement that these calls contain harassing language." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1364 (N.D. Ga. 2011).

93.    "Courts have defined 'meaningful disclosure' to include *disclosure of the caller's name*, the debt collection company's name, and the nature of the debt collector's business." *Dokumaci v. MAF Collection Servs.*, No. 8:09-CV-2488-T-24 TG, 2011 WL 833988, at *3 (M.D. Fla. Mar. 4, 2011) (quoting *Sclafani v. BC Services, Inc.*, 2010 WL 4116471, at *2 (S.D. Fla. Oct. 18, 2010) (quotations omitted) (emphasis added); *see Terrell v. Prosperity Fin. Solutions, Inc.*, No. 1:12-CV-2515-TWT, 2013 WL 3149374, at *2 (N.D. Ga. June 18, 2013) ("[C]ourts have 'uniformly' construed [§ 1692d(6)] as requiring a debt collector to disclose *the caller's name*, the debt collection company's name, and the nature of the debt collector's business.") (emphasis added); *Abernathy v. NCC Bus. Servs., Inc.*, No. 2:11-CV-219-SA-SAA, 2012 WL 4320810, at *5 (N.D. Miss. Sept. 18, 2012) ("Meaningful disclosure requires that the debt collector state *his or her name*, capacity, and provide enough information to the consumer as to the purpose of the call.") (emphasis

added); *Bryant v. Credit Adjustments, Inc.*, No. 10-61009-CIV, 2011 WL 902009, at *2 (S.D. Fla. Mar. 14, 2011) ("courts have defined 'meaningful disclosure' to include disclosure of *the caller's name*, the debt collection company's name, and the nature of the debt collector's business") (emphasis added); *Davis v. Bonewicz*, 2011 WL 5827796, at *2 (E.D. Mo. Nov. 18, 2011) (same); *Gryzbowski v. I.C. Sys., Inc.*, 691 F. Supp. 2d 618, 625 (M.D. Pa. 2010) (same); *see also Glover v. Client Servs., Inc.*, No. 1:07-CV-81, 2007 WL 2902209, at *5 (W.D. Mich. Oct. 2, 2007) ("[T]he individual telephoning the debtor *must state his or her name* and capacity and disclose enough information so as not to mislead the recipient as to the purpose of the call.") (emphasis added).

94.     "[D]isclosing the name of the [collection agency] but not the name of the caller does not satisfy the 'meaningful disclosure' requirement." *Hockenhull v. Law Office Howard Lee Schiff, P.C.*, No. CA 12-415 S, 2012 WL 6525504, at *4.

95.     Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(b)

96.    Plaintiff repeats and re-alleges each and every factual allegation above.

97.    To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *Id.*

98.    If a consumer requests validation, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. 15 U.S.C. § 1692g(b).

99.    Defendant violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF CAL. CIV. CODE § 1788.11(b)**

100.  Plaintiff repeats and re-alleges each factual allegation contained above.

101.  A debt collector violates Cal. Civ. Code § 1788.11(b) by "[p]lacing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents." Cal. Civ. Code § 1788.11(b).

102.  "Both provisions of the FDCPA and the Rosenthal Act prohibit the *placement* of telephone calls without meaningful disclosure." *Joseph v. J.J. Mac Intyre Cos., LLC,* 281 F. Supp. 2d 1156, 1163 (N.D. Cal. 2003) (discussing 15 U.S.C. § 1692d(6) and Cal. Civ. Code § 1788.11(b)) (emphasis in original).

103.  " '[M]eaningful disclosure' presumably requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked." *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005) (discussing

15 U.S.C. § 1692d(6) and then later Cal. Civ. Code § 1788.11(b)); *see also Langdon v. Credit Mgmt., LP*, No. C 09-3286 VRW, 2010 WL 3341860, at *2 (N.D. Cal. Feb. 24, 2010) (citing to the *Hosseinzadeh*'s court discussion of meaningful disclosure in analyzing alleged violations of 15 U.S.C. § 1692d(6) and Cal. Civ. Code § 1788.11(b)).

104.    Defendant violated Cal. Civ. Code § 1788.11(b) by placing telephone calls to Plaintiff without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated Cal. Civ. Code § 1788.11(b);

b)  Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT VIII
## VIOLATION OF CAL. CIV. CODE § 1788.17

105.    Plaintiff repeats and re-alleges each factual allegation above.

106.    A debt collector violates Cal. Civ. Code § 1788.17 by failing to comply with §§ 1692b-1692j of the FDCPA.

107. Therefore, by failing to comply with the FDCPA as detailed above, Defendant violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated Cal. Civ. Code § 1788.17;

    b) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30(b), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

108. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 29, 2017

Respectfully submitted,

/s/ Elliot Rosenberger
Elliot Rosenberger (Cal. Bar No. 298837)
Biletsky Rosenberger
7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 442-9243
Facsimile: (866) 317-2674
er@biletskyrosenberger.com

/s/ Joshua Biletsky
Joshua Biletsky (Cal. Bar No. 285438)
Biletsky Rosenberger

7080 Hollywood Blvd., Ste. 1100
Los Angeles, CA 90028
Telephone: (424) 442-9243
Facsimile: (866) 317-2674
jb@biletskyrosenberger.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206

Attorneys for Plaintiff